■ JANE BEST-SIMPSON et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY OFFICE OF THE INSPECTOR GENERAL et al., Appellants. [633 NYS2d 535] —In an action to recover damages, *inter alia,* for fraud, the defendants Metropolitan Transportation Authority Office of the Inspector General and Jeanette Woloszyn appeal from so much of an order of the Supreme Court, Kings County (Bernstein, J.), entered May 27, 1994, as denied their motion to dismiss the plaintiffs' fourth cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion to dismiss the fourth cause of action is granted.

We disagree with the plaintiffs' assertion that the defendant Metropolitan Transportation Authority Office of the Inspector General (hereinafter the OIG), is a separate and distinct entity from the Metropolitan Transportation Authority (hereinafter the MTA). Public Authorities Law § 1279 (1) states, in relevant part, "There is hereby *created in the metropolitan transportation authority* an office of metropolitan transportation authority inspector general" (emphasis supplied). The legislative history of this provision establishes that it was proposed to establish *"within* the * * * (MTA) an inspector general's office responsible for investigating * * * allegations of fraud and abuse" (Governor's mem, L 1983, ch 427, 1983 McKinney's Session Laws of NY, at 2771; emphasis supplied). Thus, despite the statutory requirement that the OIG submit its annual report to the Governor and Legislature rather than to the MTA Board (Public Authorities Law § 1279 [6]), and despite the OIG appearing by separate counsel in the instant proceeding, given the plain meaning of the language of Public Authorities Law § 1279 (1), we find that the OIG is part of the MTA for the purpose of the one year and 30-day Statute of Limitations applicable to that agency (Public Authorities Law § 1276 [2]). Therefore, since employees of the OIG are employees of the

MTA for this purpose, the Statute of Limitations applicable to the MTA is applicable to the defendant Jeanette Woloszyn who was sued solely in her former, official capacity as an employee of the OIG. Thompson, J. P., Joy, Goldstein and Florio, JJ., concur.